## METROPOLITAN SAVINGS & LOAN CO v HAENNY et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 4, 1932

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

C. T. Vaughan, Youngstown, for defendants in error.

POLLOCK, J.

Upon the hearing of the motion below there was introduced in evidence in the court below to sustain that motion a record of the proceedings in the Court of Common Pleas of this Metropolitan Savings & Loan Company v May Tyford, and others, in which this same note was set up. It appears from this record that the Metropolitan Savings & Loan Company brought action in that case against the defendants on three causes of action. The first cause of action set up a note similar to the one now in this action, except the principal was $2500.00. The second cause of action set up the same note in consideration in the instant case. The third cause of action was an action to foreclose the mortgage securing these two notes on the ground that the parties had failed to comply with the conditions of the note.

It appears by the allegations in the third cause of action that the property covered by this mortgage had been conveyed by the defendants in the present action to other persons; that there had been possibly several conveyances until the property was owned by the defendants in this former action, and that in so conveying the property the purchasers assumed the payment of the $2500.00 and $1,000 notes that we have referred to. It afterwards appears that judgment was taken on the first cause of action, the $2500.00 note, and that a foreclosure was had and the property was sold to pay the judgment entered in that case. It was sold but did not sell for enough to pay more than the $2500.00 note, and a further sum that was credited on this $1000 note before this judgment was taken. It is urged that the court had no right to set aside this judgment; that the judicial proceedings in the foreclosure case did not exhaust the plaintiff's remedy on this $1,000 note, and that the court was in error in setting aside the judgment or dismissing the action. So far as the setting aside of this judgment is concerned, this was a judgment taken without any notice to the defendants, and in a few days after they knew of the judgment they filed this motion and during the term in which the judgment was taken. During that term the court had jurisdiction over the judgments entered in the term. The only limitation is that he must not abuse his discretion in setting aside a judgment.

We think, under all the circumstances in

this case, that the court did not abuse his discretion in setting aside the judgment and giving the defendants an opportunity to file any defense they might have, or to make any defense that they might have. So that the judgment is affirmed so far as setting aside the judgment below, and that automatically sets aside the execution and levy on this property.

We then come to the question of the right to dismiss this action. The setting aside of the judgment left an action on a promissory note, in which the defendants had entered an appearance and had at that time made no defense. The action stood in the court below at that time without any defense being made on a promissory note and the parties defendant being in court. We do not think that the court had any right whatever arbitrarily to dismiss this action. The defendants should have been given an opportunity to file their answer and the action determined in the future on whatever issues might be made.

Judgment of the court below in dismissing this action is reversed, and in doing so we are expressing no opinion whatever upon this issue of whether or not the judgment taken in this other case merged the rights upon the $1,000.00 note, and whether a judgment could not then be taken against the makers of these notes.

It follows that the judgment of the court below is affirmed in setting aside the judgment and in setting aside the execution and levy on the property, and reversed as to the dismissal of the action. Exceptions.

ROBERTS and FARR, JJ, concuur.